# Richmond.

CHESAPEAKE AND OHIO RAILWAY CO. v. FORTUNE.

November 21, 1907.

1. RAILROADS—*Passenger's Attendant—Invitees—Care Due.*—One who accompanies his wife and small children to a railway station, where they expect to take a train and become passengers, is there by the implied invitation of the railroad company, and it is the duty of the company to exercise ordinary care for his safety and protection.

2. RAILROADS—*Stopping at Stations—Reasonable Time.*—It is the duty of a railroad company to stop its trains a reasonable time at stations to enable passengers and baggage to be put on; and passengers and their attendants have a right to presume that the company will do so.

3. EVIDENCE—*Impeaching Witness—Rehabilitation.*—Whenever the character of a witess for truth is attacked, either by direct evidence of want of truth, or by cross-examination, or by proof of contradictory statements in regard to material facts, or by disproving by other witnesses material facts stated by him, or, in general, whenever his character for truth is impeached in any way known to the law, the party calling him may sustain him by evidence if his general reputation for truth.

4. VERDICTS—*Excessive Damages.*—The verdict of a jury in an action to recover damages for a personal injury will not be set aside as excessive unless the damages allowed are so excessive as to indicate that the jury were influenced by partiality or prejudice, or misled by some mistaken view of the merits of the case.

5. INSTRUCTIONS—*Jury Sufficiently Instructed—Harmless Error.*—If the instructions given in a case are correct and fully cover the case, and are sufficient to enable the jury correctly to apply the evidence, it is not error to refuse to give other instructions offered, even though they correctly compouund the law. It is a case of harmless error.

Error to a judgment of the Circuit Court of Alleghany

county, in an action of trespass on the case.    Judgment for the plaintiff.    Defendant assigns error.

*Affirmed.*

The opinion states the case.

*R. L. Parrish,* for the plaintiff in error.

*Jno. T. Delaney* and *Geo. A. Revercomb,* for the defendant in error.

KEITH, P., delivered the opinion of the court.

R. L. Fortune brought suit in the circuit court of Alleghany county to recover damages for the loss of his leg, occasioned, as he alleges, by the negligent conduct of the Chesapeake and Ohio Railway Company.    There was a verdict and judgment in his favor for $5,500, to which the railroad company obtained a writ of error.

The first assignment of error is that the court overruled the demurrer to the declaration.

There were five counts in the declaration, which state the plaintiff's case in a manner somewhat varying as to details; but the cause of action is set forth substantially as follows: That Fortune accompanied his wife and two small children, aged respectively two and four years, to "Mallow," a station on the Chesapeake and Ohio Railway, his wife and children intending to take train No. 14; that the station is what is known as a flag station, at which there is no depot, ticket office, baggage office, platform, portable step, or any other means or appliance to facilitate ingress and egress to and from the trains that stop at that station; that the train stopped at a point where the public road crosses the railroad track, so that a passenger could step from the road upon the steps leading to the platform of the coach appropriated to colored people, or upon that ap-

propriated to white passengers, which was the last coach in the train; that, after his wife and two children had been assisted to the platform of the coach for colored people, they passed across the platform to the rear coach, in which they were to be accommodated, and defendant in error, who had in his charge a valise or telescope belonging to his wife, and while the train was still at rest, undertook to put the valise or telescope upon the platform, so that his wife could take it with her, but while so engaged, and in a position perfectly open and obvious to the train crew, the train was put in motion, he was carried along with it, and received the injury for which he sues.

The theory of defendant in error (plaintiff in the court below) is, that, having accompanied his wife and children, who intended to become passengers on the Chesapeake and Ohio Railway, to the station, he was there by invitation, and that it was the duty of the railroad company to use reasonable and ordinary care not to do him an injury.

The theory of plaintiff in error is that, Fortune was, at most, a mere licensee, to whom the railroad company owed no duty, except that it should not injure him wilfully or recklessly.

We are opinion that the position of plaintiff in error cannot be maintained. We think it plain, that one who accompanies his wife and small children to a station where they expect to take a train and become passengers, is there by the implied invitation of the railroad company; that it is the duty of a person upon the premises of a railroad company for such a purpose to exercise reasonable precaution for his own safety, and proceed with reasonable diligence to discharge the duty in which he is engaged; and that, while upon the premises under such conditions, it is the duty of the railroad company to exercise ordinary care for his safety and protection. This proposition seems to us, too plain to need either argument to enforce it, or authority to maintain it.

Without discussing the numerous cases cited, we shall content ourselves with an extract from 5 Am. & Eng. Ency. of

Law (2nd. ed.) 518: "Persons going upon a carrier's premises or entering a carrier's vehicle to assist a passenger, to greet an arriving passenger, or to take leave of a departing passenger, cannot be deemed passengers themselves. Nor are they trespassers, properly speaking; they should be considered rather in the light of licensees, to whom the carrier owes certain duties."

And in Fetter on Carriers of Passengers, sec. 237, it is said: "One who escorts a passenger to a station or to a seat in a train is not a mere trespasser, to whom the company owes no duty, except to abstain from wilful injuries; nor, on the other hand, is he a passenger towards whom the company is bound to the exercise of the highest degree of care and skill; but he is on the company's premises on its implied invitation, and it is bound to exercise ordinary care for his safety."

The second error assigned is to the action of the trial court in permitting the attorney for defendant in error to ask the following question: "When you attempted to put the baggage on, the train was standing still. Did you believe the train would remain standing still until your wife could get in the car where she had to go, and until you could get the baggage on?" *A.* "That is what I expected."

The objection taken to this ruling is that Fortune showed by his own testimony that he had never been to Mallow station but once before; that he was unfamiliar with the surroundings; and he did not know what time trains usually stopped at Mallow, and had no right to presume that they would stop any given length of time. All of which is, perhaps, true; but it still remains that it was the duty of the company to stop a reasonable length of time to enable passengers and baggage to be put upon the train, and Fortune had a right to suppose that the railroad company would discharge that duty.

The third assignment of error is to the action of the court in admitting character evidence as to R. L. Fortune's general reputation for truth and veracity, when his reputation for truth and veracity had not been assailed, and the proof of such repu-

tation by persons who were not sufficiently acquainted therewith.

The examination of Fortune was such as to bring the case within the influence of *George* v. *Pilcher,* 28 Gratt. 299, 26 Am. Rep. 350, where this court said: "Whenever the character of a witness for truth is attacked, either by direct evidence of want of truth, or by cross-examination, or by proof of contradictory statements in regard to material facts, or by disproving by other witnesses material facts stated by him, or, in general, whenever his character for truth is impeached in any way known to the law, the party calling him may sustain him by evidence of his general reputation for truth."

The fourth assignment of error is that the verdict is excessive, and that it is contrary to the law and the evidence.

Fortune was a man of good character, good health, in the prime of life, and he suffered the loss of a leg. This court has said in numerous cases, that there being no exact standard by which it is possible to ascertain in money the value of the various elements of damage proper for the consideration of a jury in such a case, this court would not disturb the finding of a jury, unless the damages were so excessive as to furnish evidence of partiality or prejudice, or some corrupt motive, on the part of the jury.

We shall refer only to one case. In *Farish & Co.* v. *Reigle,* 11 Gratt. 697, 62 Am. Dec. 666, there was a verdict and judgment for the plaintiff for $9,000. In that case the plaintiff was injured by the overturning of a stage-coach; his head was severely cut, and one of his legs was broken above the ankle, and at the time of the trial, which occurred about one year after the accident, his leg was not entirely healed, and was shortened, the ankle joint was swollen and stiff, and he was obliged to use crutches. The attending physician expressed the opinion that he would be a cripple for life. The court held that the verdict in such a case could not be disturbed, unless the damages allowed were so excessive as to warrant the belief that

the jury must have been influenced by partiality or prejudice, or misled by some mistaken view of the merits of the case.

The fifth assignment of error is to the giving of instructions asked for by the plaintiff, and the refusal to give instructions Nos. 2 and 3, asked for by the defendant.

Without going into a particular discussion of the instructions, we are of the opinion that there is no error in the instructions given; that they fully covered the case, and were sufficient to enable the jury correctly to apply the evidence; and that, even though defendant's instructions were in themselves free from objection (about which we express no opinion), the refusal to give them was, under such circumstances, harmless error.

With respect to the evidence, we find that it was ample to support the averments of the declaration; and upon the whole case, we are of opinion that there was no error to the prejudice of the plaintiff in error, and the judgment is affirmed.

*Affirmed.*