## TALBERT v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit. June 22, 1925.)

No. 2379.

1. **Intoxicating liquors** ⟨⟩249 — **Obstructing justice** ⟨⟩3—Search warrants held sufficient in form and substance, and resistance thereto an offense.

Search warrants sworn out before a United States commissioner, by official charged with duty of enforcement of National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), and setting forth belief and reason why search should be made, what was being searched for, and where same was believed to be, *held* sufficient in form and substance, and resistance to federal prohibition enforcement officer, attempting to make search thereunder, constituted offense denounced by Criminal Code, § 140 (Rev. St. § 5398 [Comp. St. § 10310]).

2. **Obstructing justice** ⟨⟩12 — Proof showing resistance of search warrant not prejudicial variance from information charging resistance of arrest warrant, where accused not misled.

Where information charged violation of Criminal Code, § 140 (Rev. St. § 5398 [Comp. St. § 10310]), by unlawfully obstructing, resist-

ing, and opposing federal prohibition officer in discharge of duty in service of warrant of arrest, proof that warrant was a search warrant, as distinguished from warrant of arrest, *held* not a variance prejudicial to accused requiring reversal.

3. **Criminal law** ⟨⟩1159(1)—Verdict will not be disturbed, except for entire lack of testimony.

Verdict of jury will not be disturbed, except for entire lack of testimony to support it.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Dora Talbert was convicted of obstructing and opposing a federal prohibition officer in the execution of a judicial writ or process, and she brings error. Affirmed.

J. Raymond Gordon, of Charleston, W. Va., and F. W. Riggs, of Huntington, W. Va., for plaintiff in error.

Elliott Northcott, U. S. Atty., of Huntington, W. Va., and B. J. Pettigrew, Asst. U. S. Atty., of Charleston, W. Va.

Before WADDILL and ROSE, Circuit Judges, and WEBB, District Judge.

WADDILL, Circuit Judge. Plaintiff in error was proceeded against by information, filed in said court, charging the violation of the provisions of section 140 of the Criminal Code (section 5398, R. S.; section 10310, Comp. St.); the specific offense being that on the ——— day of September, 1924, she did then and there knowingly and unlawfully obstruct, resist, and oppose John H. Swanson, a federal prohibition officer, in the discharge of his duty, well knowing him to be such officer, in the service and execution of a judicial writ or process regularly issued by a United States commissioner.

Plaintiff in error appeared in answer to the information, and moved to quash the same, which motion the court overruled, and thereupon she pleaded not guilty. A jury was impaneled, the testimony heard, and a verdict of guilty rendered upon which the court entered judgment, and imposed a fine of $100 and imprisonment in the Kanawha county jail, West Virginia, for the period of 10 months.

During the progress of the trial, sundry exceptions to the admission and exclusion of testimony, the giving and refusal to give instructions, the refusal to direct a verdict for plaintiff in error, as well as to the denial of a motion in arrest of judgment, on the rendition of the verdict on the facts adduced, were

made, and plaintiff in error excepted to the action of the court on the several rulings, and the same are set forth in her assignments of error, forming the basis of this writ of error.

From our view of the case, but three of the questions thus presented are material to be considered, viz. whether the search warrant on which the attempted search was made was legal; whether there was such a variance between the proof and averments of the information respecting the warrant resisted as would avoid a conviction thereunder; and whether the testimony was sufficient to sustain the jury's finding. These three questions will be briefly considered.

[1] First. The search warrant sworn out seems to us to be sufficient in form and substance to authorize the making of the search, and the resistance to the same, if the jury believed the government's testimony, constituted an offense. The search warrant was sworn out before a duly constituted federal officer, a United States commissioner, by an official charged with the duty of the enforcement of the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.). This warrant set forth the belief and reason why search should be made, what was being searched for, and where the same was believed to be.

[2] Second. Was there such a variance between the warrant referred to in the information and the warrant produced in evidence, upon which this prosecution was based? It is true the information referred to the process then being executed as a warrant of arrest, though this was manifestly a mere inadvertence or misdescription, as the entire paper upon its face showed that it was a search warrant that was referred to, as distinguished from a warrant of arrest. The act of resistance was to the enforcement of a search warrant, and no such thing as a warrant of arrest existed at all, as was well understood at the trial. The plaintiff in error could not have been prejudiced by this circumstance, and the judgment, if otherwise correct, ought not to be disturbed on that account.

[3] Third. On the question of the sufficiency of the testimony to warrant the finding of the jury, and the court's refusal to instruct a verdict for the plaintiff in error, and in entering judgment on the verdict, we feel that the evidence fully sustained and warranted the District Court's action. At all events, that was a matter largely for the jury to determine, and we should not disturb their verdict, unless there was an entire lack of

testimony to support the same, which was not the case here, and, on the contrary, there could not have been but one conclusion, as correctly found by the jury.

The judgment of the District Court is affirmed.

Affirmed.