## BOLLING v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
April 18, 1927.

No. 2567.

1. Witnesses ⬅414(1)—Under some circumstances witness may be permitted to testify to facts in corroboration of his own testimony.

On trial of a defendant for illegal sale of liquor, where the defense was that defendant was not the person who made the sale, but that it was a case of mistaken identity, it was not error to permit the prohibition agent, who testified to the sale, to also testify that he was with the marshal when the arrest was made and then identified defendant.

2. Witnesses ⬅359—Question asked witness on cross-examination, whether he had not been convicted of criminal offense, held properly excluded, where record was available.

The best evidence that a witness had been convicted on a criminal charge is the court record, and unless that is produced he may not be asked on cross-examination if he was not so convicted.

3. Witnesses ⬅360—Evidence held competent to show that conviction of witness on criminal charge was reversed in appellate court.

Where defendant introduced the record showing that a witness had been convicted of drunkenness in a city police court, it was competent for the government to show that the

case was appealed, and that on a trial de novo the witness was acquitted by a jury.

4. Witnesses ⬅277(1)—Defendant, voluntarily taking stand, is witness for all purposes.

Where accused in a criminal trial voluntarily takes the stand, he is a witness for all purposes and may properly be cross-examined on all material matters connected with the particular case.

5. Witnesses ⬅361(1)—Admission of character testimony on behalf of witnesses held within discretion of court.

Admission of character testimony on behalf of witnesses who were strangers to the jury held within the discretion of the court, where, though no direct impeaching testimony had been introduced, the defense had laid the foundation by cross-examination for denying their credibility.

In Error to the District Court of the United States for the Western District of Virginia, at Roanoke; Henry Clay McDowell, Judge.

Criminal prosecution by the United States against N. C. Bolling. Judgment of conviction, and defendant brings error. Affirmed.

John W. McCauley, of Roanoke, Va., for plaintiff in error.

Clarence E. Gentry, Asst. U. S. Atty., of Charlottesville, Va. (J. C. Shaffer, U. S. Atty., of Roanoke, Va., on the brief), for the United States.

Before WADDILL and ROSE, Circuit Judges, and McCLINTIC, District Judge.

McCLINTIC, District Judge. The indictment in this case contains three counts, each charging that the defendant, Bolling, made three different sales of intoxicating liquor, contrary to the provisions of the National Prohibition Act (Comp. St. § 10138¼ et seq.). Bolling was tried and convicted by a jury, on each of the counts, and was sentenced to serve a term in jail on each of them. The defendant very seasonably excepted to the actions and rulings of the court upon the trial in many matters, and assigned 11 grounds of error, and filed 12 bills of exception.

Each count in the indictment in this case, charged a separate sale of intoxicating liquor by the defendant, Bolling. It was charged that the first sale was made on the 8th day of January, 1925, to a witness, E. S. Baker, a prohibition agent; that the second sale was made on the 16th day of January, 1925, to the same E. S. Baker, in company with another prohibition agent by the name of R. F. Cornett; that the third sale was made on the 7th day of February, 1925, to the agent Cornett, together with another agent by the name of W. E. Thurber.

[1] The first assignment of error is based upon the fact that the agent, Baker, testified that he was with the marshal when the defendant was arrested on the 13th day of February, 1925, and further testified that, at the moment of such arrest, he identified the defendant, Bolling, as the man who had sold the liquor to him, on the occasions mentioned in the indictment. It is claimed by the defendant that the purpose of this testimony was to corroborate his own testimony, and attempt to strengthen it, in reference to the sales alleged to have been made by the defendant to him.

The theory of the defense was, not that the liquor had not been sold to these agents, but that it had been sold by some other person than the defendant, Bolling. In other words, it was claimed by the defendant that it was a case of mistaken identity. Under the circumstances of the particular case, and under this theory, we are of opinion that there is no merit in this assignment. 2 Wigmore on Ev. (2d Ed.) 1, § 1130.

[2] The second and third assignments of error are based upon certain questions desired by the defendant to be asked of the witness Baker, and to which the court refused to permit answers to be made. The first question was: "Either on January 8th, or 16th, weren't you drinking heavily, and tried and convicted in Roanoke city for being drunk?" The second question was: "You have testified that the only whisky you had tasted was bought with government money. Now, do you mean to say that the liquor which you purchased as a government agent was the whisky which made you drunk, while you were operating in the city of Roanoke?" The court did not permit these questions to be answered.

We are of opinion that the ruling of the court was correct. The form of each question is its vice. It was proper to ask the witness whether he was drinking intoxicating liquors on that day, and the question was asked of him, and he detailed, according to his testimony, what he had drunk. It was improper to ask him if he was tried and convicted, unless the defendant intended to show, what could easily have been shown, if it had been a fact; that is, that he had been tried and convicted, by the record of the proper court in Roanoke city, the place of trial of this defendant by the District Court. If one is tried and convicted in a court for drunkenness, or any other offense, there is a record of it, and the record in this case was available, for the defendant to determine accurately, if he wanted to do so, the existence

of such fact, and to conclusively prove such fact, if, indeed, there was any such fact in existence.

The court properly exercised its discretion in refusing to permit this question to be asked, when it sought plainly, by innuendo, to convey to the jury an impression which could not be done by direct proof. The same discretion was properly exercised in refusing to permit the second question to be asked of the witness.

The fourth assignment of error relates to the introduction of three bottles of whisky, claimed by the government to have been the three identical bottles purchased by the agents from the defendant, Bolling. Each agent testified that, at the time of the alleged purchase, he tasted the liquor, and further testified that it was intoxicating liquor; each one further testified that the bottles, when purchased, had been properly labeled and placed in the possession of another prohibition agent, who had charge of all such things; and the government produced testimony tending to show that they had been properly preserved and protected, and that they were the same bottles, and contained the same fluid which had been therein, when they were claimed to be purchased by the prohibition agents.

The testimony is amply sufficient to identify the bottles and the contents thereof, and there was certainly no error in permitting them to be exhibited to the jury. The testimony of the witnesses that they had bought intoxicating liquors was sufficient, if the bottles and their contents had not been introduced, and these were only corroborative testimony, and the record does not show any denial thereof.

[3] The seventh assignment of error questions the admissibility of the record evidence offered by the government to the effect that Agent Cornett was acquitted of the charge of being drunk in the city of Roanoke, on the 7th day of February, 1925. It had been shown by the defense that Cornett was tried and convicted of the charge of being drunk in the police court of the city of Roanoke. The government then introduced testimony to show that Cornett was arrested, charged with drunkenness on the streets of Roanoke, on the night of February 7, 1925; that he was convicted of that charge in the Roanoke police court, and took an appeal from that judgment to the corporation court of the city of Roanoke, in which court, under the law, a trial de novo would have been held, but at that juncture the case was removed, under

section 33 of the federal Judicial Code (Comp. St. § 1015), to the United States District Court for the Western District of Virginia, and thereupon the case was tried in that court by the jury on the original charge, and the witness was acquitted of the charge.

Necessarily, when the defense proved that the witness Cornett had been arrested and tried and convicted in the police court of the city of Roanoke, it was perfectly right for the court to permit the government to prove, as it did, that the case had been appealed in a proper way, and that he had been acquitted upon such appeal. In our opinion, this assignment of error is wholly without merit, and the ruling of the court thereon was correct.

[4] The fifth and seventh assignments of error were based upon the objections of the defendant to the ruling of the court in permitting the district attorney to cross-examine the defendant, Bolling, upon matters not specifically brought out in his direct examination. There is much discussion in the books on evidence, and in many cases, of this question; but in our opinion the weight of authority holds that, where the accused in a criminal trial voluntarily takes the stand, he is a witness for all purposes, and can be properly cross-examined upon all material matters connected with the particular case. He has the privilege of taking the witness stand, if he so desires, and he has the privilege, also, of not becoming a witness. His voluntary offer of testimony upon any fact is a waiver as to all other relevant facts, because of the necessary connection between all.

His situation is distinct from that of the ordinary witness, with reference to the point of time when a waiver can be predicated, because the ordinary witness is compelled to take the stand in the first instance, and his opportunity for choice does not come until later, when some part of the incriminating fact is asked for; while the accused has his choice at the outset. The accused signifies his waiver by the initial act of taking the witness stand. We hold that, when the accused took the witness stand, the waiver of his constitutional privilege was complete, and the scope of his cross-examination in this case was within the trial court's discretion, and here the discretion has in no way been abused. Powers v. U. S., 223 U. S. 303, 315; 32 S. Ct. 281, 56 L. Ed. 448; Caminetti v. U. S., 242 U. S. 470, 494, 37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168; Le More v. U. S. (C. C. A.) 253

F. 887, 897. 4 Wigmore on Ev. (2d Ed.) § 2276.

[5] The eighth assignment of error questions the admissibility of the testimony of the witness R. A. Fulweiler as to the good character for veracity of the witnesses Baker and Thurber, on the ground that the character and reputation of these witnesses were not in issue. The trial of this case took place in the city of Roanoke, in the Western district of Virginia, and the facts out of which the trial grew likewise took place therein. The witnesses Baker and Thurber were residents of the city of Staunton, which is situated about 100 miles distant from Roanoke, and is in a county which does not, in any way, adjoin the county in which Roanoke is situated; but there are at least two counties intervening between the county of Roanoke and the county of Augusta, in which Staunton is situated.

No direct attack had been made upon the general reputation for veracity of these two witnesses when this evidence was offered. However, both had been examined at length as to whether he was drinking on the dates of the sale of the liquor. Both were stranger witnesses to the jury, and the cross-examination apparently attempted to create the impression that Baker was drinking intoxicating liquors on the two occasions, and the truth of his denial was thereby brought sharply under review.

It appears from the record that, when the evidence of the witness Fulweiler was offered, the court, of its own motion, was about to enforce the general rule and exclude it, and called upon counsel for the defendant to say whether they proposed to argue to the jury that these witnesses were mistaken on their facts, or were not worthy of belief. Whereupon counsel for the defendant announced in the presence of the jury, in effect, that they held themselves ready, if the record disclosed contradictory statements, to argue that the witnesses were unworthy of belief. Under these circumstances, the court said: "In that event, let the evidence stay in."

The trial judge had seen the manner of the cross-examination, the situation of the witnesses, and certainly was better enabled to judge whether the ends of justice would be promoted by attempting to exclude this testimony. Under the circumstances of this case, we are of opinion that, if error it was, it is not reversible error, and the discretion of the court in admitting it was properly exercised. George v. Pilcher, 28 Grat. (69 Va.) 299, 26

Am. Rep. 350; C. & O. Rwy. Co. v. Fortune, 107 Va. 412, 59 S. E. 1095; Sims v. Commonwealth, 134 Va. 736, 115 S. E. 382; State v. Brodie, 190 N. C. 554, 130 S. E. 205; Franklin Sugar Refining Co. v. Luray Supply Co. (C. C. A.) 6 F.(2d) 218, 220, 221.

The ninth assignment of error is based upon the refusal of the court to permit certain questions to be asked of the witness Fulweiler. Fulweiler was prohibition administrator of the seventh zone at the time of these occurrences, and it was shown in the evidence that the witness Baker had resigned at a period some time following these occurrences, and had stated that the resignation was voluntary, as he did not want to stay in office after a certain reorganization of the forces. The witness Fulweiler testified that he had requested him to stay until a certain time, but that he was at the time of the trial out of the service.

The purport of the questions desired to be asked of Fulweiler was whether or not Fulweiler had not dropped Baker from the list of employees, by reason of his conviction in the corporation court at Roanoke City, and also was not the case against the witness Baker, in the corporation court at Roanoke city, given an early date for trial, so that, if he was acquitted, he could be retained in the employ of the United States, upon the reorganization of the prohibition department. The trial judge, in his discretion, sustained the objections to these questions.

In view of all the testimony on this subject-matter of the alleged drunkenness of the witness Baker, which had gone to the jury, in our opinion, this was not in any way reversible error, but a proper exercise of the discretion of the court. Full and complete evidence covering this question of the drinking of intoxicating liquors by these witnesses was before the jury, and the answers to these questions, if they had been in the affirmative, could not have added any additional strength thereto.

The tenth and eleventh assignments of error relate, respectively, to the refusal of the court to direct a verdict for the defendant and to set aside the verdict of the jury and grant a new trial. Certainly there was ample evidence in the record in this case, if the jury believed the witnesses, to convict this defendant upon each of the three counts in the indictment; and the jury having exercised its duty, and found the defendant guilty, we are not privileged to examine the facts, further than to say that they were amply sufficient, if believed, for conviction. Talbert v. U. S. (C. C. A.) 6 F.(2d) 570.

The refusal to grant a new trial is within the sound discretion of the trial court, and is not reviewable on a writ of error. It is not necessary to quote authorities for this axiom. We are of opinion, therefore, that the action of the District Court in this case was right, and should be affirmed.

Affirmed.

The affirmance of the decision in this case was concurred in by Circuit Judges WADDILL and ROSE, and District Judge McCLINTIC, but Judge ROSE died before the announcement of the opinion.