## UNITED STATES v. FORZANO.

No. 289, Docket 22027.

United States Court of Appeals Second Circuit.

Argued June 13, 1951.

Decided July 17, 1951.

Santangelo & Santangelo, New York City, Alfred E. Santangelo, New York City, of counsel, for defendant-appellant.

Irving H. Saypol, U. S. Atty., New York City, Bruno Schachner, Robert Rubinger and Joseph N. Friedman, Assts. U. S. Atty., all of New York City, of counsel, for plaintiff-appellee.

Before SWAN, Chief Judge, AUGUSTUS N. HAND, and L. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The appellant, Dante Forzano, was convicted at a trial before a jury and Waring, J., upon an indictment under 18 U.S.C. § 472 which contained two counts for passing at New Rochelle, New York, with intent to defraud, counterfeit notes of the Federal Reserve Bank of Chicago, to wit: a $20 note on November 22, 1948, and a $10 note on December 6, 1948. He was sentenced to eight years imprisonment on each count, the sentences to run concurrently. He did not take the stand at the trial.

The appellant now appeals from the judgment of conviction on the ground that there was insufficient evidence to prove that he passed either note and that if he in fact passed them he did not do so with the knowledge that they were counterfeit. He also claims reversible error in the admission of certain evidence and in a denial of his motion for a new trial based upon alleged newly discovered evidence.

The facts were as follows: On the morning of November 22, 1948, Forzano entered a liquor store operated by one Wilson and purchased a pint of whiskey paying for it with a $20 note. One Russell was in the store at the time but left before payment was made by Forzano. As Forzano left the store, he looked back several times. Wilson became suspicious and set off for a bank with the note he had received, stopping en route to describe the circumstances to one Caputo, a friend who ran a gas station. The note proved to be counterfeit. On January 7, 1949, a Secret Service Agent called on Wilson and showed him various photographs. Wilson picked out a picture of Forzano as that of the man who had passed the note. The agent evidently knew that Forzano was scheduled to appear at the local police station on January 19, 1949, to answer a charge of driving without a license. He took Wilson and Russell with him to the station on that day and Wilson recognized Forzano outside the building. As soon as Forzano saw Wilson he disappeared. Forzano's wife testified that he was then at home and not at the station. In April 1949 Forzano and a friend called on Wilson in his store. Wilson claims he there recognized Forzano again, but the friend denied this.

On the evening of December 6, 1948, in the same town, Forzano purchased some gasoline at a station operated by one Certo paying for it with a $10 note. Certo became suspicious and jotted down the license number of the car as it drove away. It belonged to Mrs. Forzano. The next day when he turned in his receipts at a bank, the bank teller told Certo that one $10 note was a counterfeit. Certo testified that there was only one $10 note among the receipts, the teller remembered more than one. Both notes were well executed counterfeits.

The above recital shows that there was clearly enough evidence on which a jury could find that Forzano was the person who passed the counterfeits in question. It was for the jury to resolve any conflicts in the testimony and they evidently chose to believe the government's witnesses rather than Forzano's.

There was not only sufficient evidence from which the jury could have found that Forzano passed the counterfeit notes but also to show that he knew that they were counterfeit. While the mere passing of counterfeit money without more may be insufficient to show guilty knowledge, United States v. Ruffino, 2 Cir., 67 F.2d 440; United States v. Litberg, 7 Cir., 175 F.2d 20, there was more in this case. The testimony that Forzano looked back furtively after passing the $20 note to Wilson may have been of but slight weight to show guilty knowledge, nevertheless it was competent for consideration by the jury. Moreover, the fact that Forzano within a period of only a few weeks had twice passed relatively large counterfeit notes on a Chicago bank for relatively small purchases was alone sufficient to support the verdict, United States v. Fawcett, 3 Cir., 115 F.2d 764, 132 A.L.R. 404.

The principal error assigned in the admission of evidence is that the court permitted Wilson, who was the most important witness on the first count to corroborate his identification of Forzano, before he had been impeached, through testimony of prior identifications, made in January 1949 in front of the local police station, and in April at Wilson's store.

█ In DiCarlo v. United States, 2 Cir., 6 F.2d 364, 366, certiorari denied 268 U. S. 706, 45 S.Ct. 640, 69 L.Ed. 1168, a majority of this court refused to pass on the question whether such prior consistent identifications were admissible although admitting that a majority of the decided cases apparently held that they were not. There is other authority that similar testimony is admissible which we think states the better rule. See Bolling v. United States, 4 Cir., 18 F.2d 863; 4 Wigmore, Evidence (3d Ed.) § 1130, and decisions there cited; see also the concurring opinion of Hough, J., in the DiCarlo case, supra. Identification of the accused is frequently dubious and when made in open court sometimes has little testimonial value so that corroboration would seem to be properly allowed.

We have examined the appellant's other assignments of error in admitting evidence and find them without merit.

█ The appellant's motion for a new trial was based on the discovery of a witness, Caputo, who would testify to a statement by Wilson that the latter was unable to recognize Forzano shortly after the $20 note was passed. Not only is there insufficient showing of due diligence on the part of the appellant but the testimony at best would only tend to impeach Wilson rather than furnish evidence of defendant's innocence. It is not only usual to treat the denial of such motions as unappealable but we can see no basis for finding any abuse of discretion by the judge on the record before us.

The judgment below is in all respects affirmed and the appeal from the denial of the motion for a new trial is dismissed.