Robert E. **LEEPER**, Jr., Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18034.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 3, 1963.

Decided Jan. 9, 1964.

Petition for Rehearing en Banc
Denied March 25, 1964.

Certiorari Denied June 1, 1964.
See 84 S.Ct. 1641.

Miss Selma Levine, Washington, D. C.
(appointed by this court), for appellant.

Mr. Alan Kay, Asst. U. S. Atty., with
whom Messrs. David C. Acheson, U. S.
Atty., and Frank Q. Nebeker and Victor
W. Caputy, Asst. U. S. Attys., were on
the brief, for appellee. Mr. B. Michael
Rauh, Asst. U. S. Atty., also entered
an appearance for appellee.

Before WILBUR K. MILLER, DANAHER
and WRIGHT, Circuit Judges.

PER CURIAM.

### JUDGMENT

This cause came on to be heard on the
record on appeal from the United States
District Court for the District of Columbia, and was argued by counsel.

On consideration whereof It is ordered
and adjudged by this Court that the
judgment of the District Court appealed
from in this cause be, and it is hereby,
affirmed.

J. SKELLY WRIGHT, Circuit Judge
(concurring).

I agree that, in the circumstances of
this case, no error affecting substantial
rights of the accused was committed
during his conviction for robbery. It
may be useful, however, to comment upon the erroneous admission into evidence, over objection, of hearsay testimony of a police officer. The officer was
asked by the prosecutor:

> "Was any identification [of the accused] made at No. 14 Precinct by
> this person whom you know as John
> Jones?"

Objection, on ground of hearsay, was
overruled. After answering in the affirmative, the officer was then allowed
to describe the identification in some
detail:

> "At the time, I hadn't seen Mr. Jones
> when he walked into the station. I
> observed him standing back of the
> three defendants which we were
> booking at the time. All three of
> them had their backs to him and in
> the process, they had turned around.
> They were giving us quite a bit of
> trouble at the book. And Mr. Jones,
> whom I didn't know him to be at
> the time, pointed this particular
> gentleman out as the one who struck
> Miss Donnelly and took the money."

The admission of hearsay testimony
identifying the defendant as the person
who committed the offense for which he
is on trial is "the most flagrant violation
of the hearsay rule * * *. A person,
not the witness, has made an out-of-
court statement, which was offered in
evidence by the witness for the truth of
the assertion which it contained." Comment, Extra-Judicial Identification, 19
Md.L.Rev. 201, 218–219 (1959). See also

Poole v. United States, 9 Cir., 97 F.2d 423 (1938); People v. Trowbridge, 305 N.Y. 471, 113 N.E.2d 841 (1953); cases collected in Annot., 71 A.L.R.2d 449, 485, n. 13 (1960). Compare Baber v. United States, 116 U.S.App.D.C. 358, 324 F.2d 390 (1963).