UNITED STATES ex rel. Robert BRYANT, Petitioner,

v.

Leon J. VINCENT, Superintendent, Green Haven Correctional Facility, Respondent.

No. 73 Civ. 5350.

United States District Court, S. D. New York.

March 1, 1974.

Robert Bryant, pro se., for petitioner.

Louis J. Lefkowitz, Atty. Gen., Albany, for respondent.

## OPINION AND ORDER

CONNER, District Judge.

Robert Bryant, currently incarcerated in the Green Haven Correctional Facility, petitions this Court for a writ of ha-

beas corpus. On April 2, 1971 he was sentenced by Justice Francis J. Bloustein of the Supreme Court of the State of New York, Bronx County, to a term of twenty years to life after a jury trial in which he was convicted of murder and manslaughter.

The events which led to the petitioner's prosecution for murder took place on October 18, 1969. That evening Dennis Koll and Armando Carrasquillo, two teenage grocery delivery boys, set out to make deliveries at a tenement house in the Bronx. They reached their destination at about 6:30 p. m. and Armando went up the stairs to the fifth floor of the tenement, with Dennis following shortly thereafter. Armando completed his deliveries and, on his way down, passed Dennis on the fourth floor, and a person he identified as the petitioner on the second floor. While waiting outside with the bicycles, Armando heard a shot and a scream (Tr. 60). A moment later he saw the person he identified as the petitioner run out of the building followed by Dennis, who collapsed on the sidewalk, mortally wounded (Tr. 3).

At the trial, Armando testified that he recognized petitioner as someone he had seen daily around the neighborhood over at least the past two years (Tr. 45–48, 73).

Armando also testified that he was taken to a police station that night and shown photographs of possible assailants, but was unable to identify petitioner at that time. He added that the following day, he returned to the police station and selected petitioner from a photograph of a lineup, and that he subsequently picked him from an actual lineup (Tr. 112, 115). This testimony

was corroborated by Detective Robert Byrnes, who testified that he was present when Armando identified petitioner from the lineup photograph (Tr. 163).

Petitioner filed a timely appeal challenging his conviction on the grounds that: 1) the trial court erred in permitting the prosecutor to elicit testimony from Armando and Detective Byrnes concerning the out-of-court identification; and 2) the court erred in permitting the prosecutor to cross-examine petitioner about a crime of which he had not been convicted, and in charging the jury, at the request of the prosecutor, that the prosecutor was bound by petitioner's response and could not introduce evidence in rebuttal of it.

In a 3–2 decision, the Appellate Division, First Department affirmed petitioner's conviction. People v. Bryant, 39 App.Div.2d 80, 332 N.Y.S.2d 143 (1972). The majority, while recognizing that the hearsay testimony respecting the out-of-court identification was improper, concluded that it in no way tainted the in-court identification, which had an independent source. The Court did not make a specific determination respecting petitioner's contention that the introduction of the hearsay testimony in corroboration of the in-court identification was prejudicial.[1] However, as an alternative basis for denying relief, the Court ruled that the petitioner, by not objecting to the hearsay testimony at the time of its adduction, had failed to preserve the issue for appeal.[2]

On November 2, 1972, the New York Court of Appeals unanimously affirmed the conviction on the sole ground that

---

1. The Court also did not consider petitioner's second contention that the prosecutor's examination of petitioner as to an unrelated crime and the judge's charge that the prosecutor was bound by petitioner's answer were prejudicial to a fair trial.

2. Under New York law, a contemporaneous objection is required to preserve an issue on appeal unless a deprivation of a fundamental constitutional right is involved. See, United

States ex rel. Terry v. Henderson, 462 F.2d 1125, 1129 n. 10 (2d Cir. 1972); Gonzales v. State Liquor Auth., 30 N.Y.2d 108, 112, 331 N.Y.S.2d 6, 282 N.E.2d 101 (1972); People v. Gates, 24 N.Y.2d 666, 670, 301 N.Y.S.2d 597, 249 N.E.2d 450 (1969); People v. Arthur, 22 N.Y.2d 325, 329, 292 N.Y.S.2d 663, 239 N.E.2d 734 (1968); People v. McLucas, 15 N.Y.2d 167, 256 N.Y.S.2d 799, 204 N.E.2d 846 (1965).

"the errors asserted, not having been objected to upon the trial, have not been preserved for our consideration or review." People v. Bryant, 31 N.Y.2d 744, 338 N.Y.S.2d 115, 290 N.E.2d 152 (1972).

In this Court, petitioner seeks a new trial on the grounds that: 1) his in-court identification was tainted by an out-of-court identification which was impermissibly suggestive in that the lineup included five persons, of which only the petitioner was not dressed in a suit, and none of the others were of petitioner's height, weight or coloring; 2) the Court improperly permitted Armando and Detective Byrnes to testify concerning Armando's out-of-court identification; 3) the Court improperly permitted the prosecutor to cross-examine petitioner about a crime for which he had not been convicted; and 4) the Court improperly charged the jury and unfairly marshalled the evidence.

The State opposes his application on the grounds that: 1) petitioner's claims of an impermissibly suggestive out-of-court identification procedure and improper marshalling of the evidence by the trial judge have never been presented to the State Courts for review and, therefore, fail to satisfy the exhaustion requirement of 28 U.S.C. § 2254; 2) petitioner's claim as to the in-court identification procedure is not cognizable by way of Federal habeas corpus since it involves an alleged violation of a State rule of evidence; 3) the State properly cross-examined petitioner about a crime for which he had not been convicted since, in his direct testimony, petitioner had referred to the investigation of that crime; and 4) the charge to the jury was thorough, correct and fair.

I

■■ Petitioner's claim that his in-court identification was tainted by an impermissibly suggestive out-of-court identification was never presented to the State court for review. Therefore, with respect to this contention, petitioner has clearly failed to exhaust his state remedies. Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Moreover, this is not a case which presents one of the "rare instances" where justice requires a deviation from the exhaustion requirement. See United States ex rel. Graham v. Mancusi, 457 F.2d 463, 468 (2d Cir. 1972); United States ex rel. Nelson v. Zelker, 465 F.2d 1121 (2d Cir. 1972). Nor is this a case where petitioner is in fact foreclosed from seeking redress in the New York courts. The New York Court of Appeals has held that although alleged violations of constitutional rights are not raised at trial, state habeas corpus is available to test such a claim. People ex rel. Keitt v. McMann, 18 N.Y.2d 257, 273 N.Y.S.2d 897, 220 N.E.2d 653 (1966).

II

Petitioner's second point, concerning the introduction of testimony about the out-of-court identification, poses a more difficult problem.

■ There can be no doubt that this testimony should have been excluded.[3] The New York State Courts have consistently held that evidence of an out-of-court identification may not be adduced at trial. People v. Griffin, 29 N.Y.2d 91, 323 N.Y.S.2d 964, 272 N.E.2d 477 (1971); People v. Malloy, 22 N.Y.2d 559, 293 N.Y.S.2d 542, 240 N.E.2d 37 (1968); People v. Caserta, 19 N.Y.2d 18, 277 N.Y.S.2d 647, 224 N.E.2d 82 (1966). In *Caserta*, the New York Court of Appeals reversed a conviction solely because a witness was permitted to testify about his out-of-court identification and another witness was permitted to corroborate this testimony.

3. There can be no doubt that this testimony was hearsay. Armando's out-of-court identification was unquestionably relied on at trial to prove its truth, i. e., that the man he pointed out was the one whom he saw in the hallway at the time of Dennis Koll's murder. Detective Byrnes' testimony was unquestionably offered to affirm Armando's identification.

■ However, the fact that this testimony should have been excluded under New York law is not dispositive of the issue before this Court. The question presented here is not whether the admission of the hearsay testimony constituted reversible error under New York law, but whether it violated federally protected constitutional rights. Crisafi v. Oliver, 396 F.2d 293, 294–295 (9th Cir. 1968), cert. denied, 393 U.S. 889, 89 S. Ct. 208, 21 L.Ed.2d 167 (1968); cf. Leeper v. United States, 117 U.S.App.D.C. 310, 329 F.2d 878 (1964).

Although there is a conflict on this question among the various state courts (see 71 A.L.R.2d 449; Later Case Service 71 A.L.R.2d 449–552), the Court of Appeals for the Second Circuit has indicated that it is not improper to permit, as independent evidence of identity, the testimony of an extra-judicial identification, not only by the one making such identification, but also by others present at the time. United States v. Miller, 381 F.2d 529, 538 (2d Cir. 1967), cert. denied, 392 U.S. 929, 88 S.Ct. 2273, 20 L.Ed.2d 1387 (1967); United States v. Forzano, 190 F.2d 687 (2d Cir. 1951).[4]

It is also significant to note that Rule 801(d)(1) of the Proposed Federal Rules of Evidence provides that a statement is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination, and if the statement is "one of identification of a person made after perceiving him."

■ In view of the fact that there exists a substantial body of authority permitting testimony respecting out-of-court identifications, this Court cannot conclude that the admission of such testimony without objection in petitioner's trial violated his constitutional rights. It follows that petitioner's second contention is not properly cognizable in a federal habeas corpus proceeding.[5] The error was not of constitutional dimensions.[6]

### III

■ Petitioner's third contention is similarly without merit. An examination of the trial transcript (Tr. 332) clearly reveals that petitioner's attorney, by his questions on direct, opened the door to cross-examination by the prosecutor concerning the unrelated crime. United States v. Miller, 381 F.2d 529, 538 (2d Cir. 1967); Vause v. United States, 53 F.2d 346, 352 (2d Cir.), cert. denied, 284 U.S. 661, 52 S.Ct. 37, 76 L. Ed. 560 (1931).

■ Furthermore, under New York law, a defendant who elects to testify may be examined about specific misconduct other than that for which he is on trial. People v. Sorge, 301 N.Y. 198, 93 N.E.2d 637 (1950).

### IV

Petitioner's final contention likewise does not require extensive discussion. The gravamen of petitioner's contention is that the trial judge's instructions fostered an impression which was distorted unfavorably against petitioner.

■ The general rule is that habeas corpus does not lie to set aside a conviction based upon improper jury instructions unless it can be shown that due process was denied. United States ex rel. Mintzer v. Dros, 403 F.2d 42 (2d

---

4. Other courts and commentators have been similarly inclined. See Hines v. United States, 133 U.S.App.D.C. 27, 408 F.2d 1230, 1242–1243 (1968), cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1968); Bolling v. United States, 18 F.2d 863 (4th Cir. 1927); 4 J. Wigmore, Evidence § 1130 (3d ed. 1940); cf., Gilbert v. California, 388 U. S. 263, 272 n.3, 87 S.Ct. 195, 18 L.Ed.2d 1178 (1967).

5. See United States ex rel. Baskerville v. Fritz, 329 F.Supp. 33, 35 (E.D.N.Y.1971);

Chubbs v. City of New York, 324 F.Supp. 1183, 1188 (E.D.N.Y.1971).

6. See California v. Green, 399 U.S. 149, 90 S.Ct. 1930, 26 L.Ed.2d 489 (1970); United States v. Miller, 381 F.2d 529 (2d Cir. 1967), cert. denied, 392 U.S. 929, 88 S.Ct. 2273, 20 L.Ed.2d 1387 (1968). Cf., Dutton v. Evans, 400 U.S. 74, 91 S.Ct. 210, 27 L. Ed.2d 213 (1970); United States v. Reed, 376 F.2d 226 (7th Cir. 1967); United States v. Forzano, 190 F.2d 687 (2d Cir. 1951).

Cir. 1968).[7] A review of the transcript of the jury charge reveals that the instructions were not so defective as to deprive petitioner of a fair trial.

### CONCLUSION

Because petitioner's claim of constitutional defect in the identification procedure has apparently never been presented to the state courts, so that the exhaustion requirement has not been met, this claim is dismissed without prejudice pending exhaustion of state remedies. United States ex rel. Rogers v. LaVallee, 463 F.2d 185 (2d Cir. 1972).

Petitioner's other claims are dismissed as not cognizable in a federal habeas corpus proceeding. A certificate of probable cause (28 U.S.C. § 2253) will not issue since there are no questions of substance on which the Court of Appeals should rule.

So ordered.

7. See also Higgins v. Wainwright, 424 F.2d 177, 178 (5th Cir. 1970); Shepherd v. Nelson, 432 F.2d 1045, 1046 (9th Cir. 1970); Ortiz v. Baker, 411 F.2d 263, 264 (10th Cir. 1969); Greyson v. Commonwealth of Kentucky, 333 F.2d 583 (6th Cir. 1964).