# POWERS *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR
THE WESTERN DISTRICT OF VIRGINIA.

No. 152.    Argued January 22, 1912.—Decided February 19, 1912.

The objection that there was no *venire facias* summoning the grand
jury is waived unless seasonably taken.

When the case gets to this court if the indictment shows that the
grand jury was duly selected and sworn, it is enough to show the
proper swearing of the grand jury. *Crain* v. *United States,* 162
U. S. 625, distinguished.

Where the conviction is a general one, one good count is sufficient to
warrant affirmance. *Dunton* v. *United States,* 156 U. S. 185.

In this case the statements in the record as to the calling and im-
paneling of the petit jury sufficiently disclose, upon proceedings
in error, that the petit jury was sworn.

Where the accused voluntarily becomes a witness in his own behalf
before a commission, it is not essential to the admissibility of his
testimony that he be first warned that what he says may be used
against him. *Wilson* v. *United States,* 162 U. S. 613.

Where the record does not show that the accused on the preliminary
hearing claimed his privilege under the Fifth Amendment or was
ignorant of it but does show that he testified voluntarily and under-
standingly, his testimony cannot be excluded when subsequently
offered at his trial.

A defendant testifying voluntarily, thereby waiving his privilege, may
be fully cross-examined as to the testimony given, and in this case
*held* that the cross-examination did not exceed the proper limits.

Section 860, Rev. Stat., has no bearing on the introduction in the same
criminal proceeding of testimony of accused given voluntarily.
*Tucker* v. *United States,* 151 U. S. 164.

THE facts, which involve the validity of a sentence after
conviction for violating §§ 3258, 3279, 3281 and 3242 of
the Revised Statutes of the United States, are stated in
the opinion.

*Mr. S. H. Sutherland*, with whom *Mr. R. A. Ayers* was on the brief, for plaintiff in error:

There can be no grand jury for a United States court unless ordered by the judge, and the only method of summoning a grand jury is by *venire facias.* Rev. Stat., §§ 803, 810; 4 Fed. Stat. Ann. 742–744; *United States* v. *Antz,* 16 Fed. Rep. 119; *United States* v. *Reed,* 2 Blatchf. 435.

The grand jury which returned this bill of indictment was never sworn, and therefore could not return a true bill of indictment. Under Amendment V no court of the United States has authority to try a person without an indictment returned by a grand jury for an offense of this kind. *Ex parte Bain,* 121 U. S. 1; *Rowe* v. *State,* 20 So. Rep. (Ala.) 459; 2 Sawy. C. C. 667; Bishop Criminal Procedure, § 1357; *Barker* v. *State,* 39 Arkansas, 180; *Lyman* v. *People,* 7 Brad. (Ill.) 345; *Foster* v. *State,* 31 Mississippi, 421; *Abram* v. *State,* 25 Mississippi, 589; *Stokes* v. *State,* 24 Mississippi, 621; 4 Bl. Com. 302; 1 Chit. Crim. L. 178; Cooley's Const. L. 318.

It takes both impaneling and swearing to constitute a grand jury. Whatever is essential in a criminal proceeding to deprive a person of his liberty must appear of record and nothing is taken by intendment or implication. *Ball's Case,* 140 U. S. 118; *Hopt* v. *Utah,* 110 U. S. 574; *United States* v. *Crane,* 162 U. S. 625; *Barnes' Case,* 92 Virginia, 722; *Jones' Case,* 87 Virginia, 63; *Spurgeon's Case,* 86 Virginia, 652; *Cawood's Case,* 2 Virginia Cases, 527; *Rich* v. *People,* 1 Tex. App. 206.

No inference that they were sworn can be drawn from the word impaneled. *Layman* v. *People,* 7 Brad. (Ill. App.) 345; *Zapf* v. *State,* 35 Florida, 210; 7 So. Rep. 225; see also *State* v. *Potter,* 18 Connecticut, 166; *Porter* v. *People,* 7 How. Pr. (N. Y.) 441.

This right cannot be waived by a plea of not guilty like the waiver to the qualification of a grand juror. *United*

*States* v. *Gale*, 109 U. S. 65; *Rodriguez* v. *United States*, 198 U. S. 156; *Watson's Case*, 87 Virginia, 612; *Curtis' Case*, 87 Virginia, 589; *Abram* v. *State*, 25 Mississippi, 589.

The indictment was defective and the fourth and sixth counts should have been stricken out. Wh. Cr. Pl. and Pr., § 239; *United States* v. *Cook*, 17 Wall. 168.

The jury that tried this case was not summoned as required by law. A jury must be selected and summoned as required by law and it is indispensable that it should so appear. 1 Bish. Crim. Pro., § 1357; *Johnson* v. *State*, 47 Alabama, 62; *Jones* v. *State*, 5 Alabama, 656; *State* v. *Rollins*, 2 Fost, 528; *Warren* v. *State*, 1 Green, 106; *Harriman* v. *State*, 2 Id. 207.

- Colly's testimony should have been rejected or stricken out. *Fitzpatrick* v. *United States*, 178 U. S. 304; *Bram* v. *United States*, 168 U. S. 532; *Brown* v. *Walker*, 161 U. S. 561; *Counselman* v. *Hitchcock*, 142 U. S. 562; *United States* v. *Ball*, 81 Fed. Rep. 837; *Cullen's Case*, 24 Gratt. 721; Cooley's Const. Lim., 6th ed. 385; McKelvey on Ev. 299; *Rex* v. *Garbett*, Dennison's Crown Cases, 236; 2 Car. & K. 474; 1 Greenl. on Ev., 16th ed., §§ 216, 254a, 469b.

The admission of Powers before the commissioner was not such an admission as amounted to a judicial confession; it is essential it be made of the free will of the party, and with full and perfect knowledge of the nature and consequences of the confession. 1 Greenl. on Ev., § 216.

A party has no right to cross-examine any witness, except as to facts and circumstances connected with the matter stated in his direct examination. If he wishes to examine him as to other matters, he must do so by making the witness his own and calling him in the subsequent progress of the cause. *Phila. & Trenton Ry. Co.* v. *Stimpson*, 14 Pet. 448; *Miller* v. *Miller*, 92 Virginia, 510; 1 Greenl. on Ev. 445.

The defendant could stop at any place he chose and the cross-examination could only go to facts and circumstances

connected with the direct examination. Cooley's Const. Lim., 6th ed., 384–386. His constitutional privilege protects him from cross-examination on any point not touched in his examination in chief. *State* v. *Lurch*, 12 Oregon, 99; 6 Pac. Rep. 408; *State* v. *Bacon*, 13 Oregon, 143; 8 Pac. Rep. 393; 57 Am. Rep. 8; *State* v. *Saunders*, 14 Oregon, 300; 12 Pac. Rep. 441; *State* v. *Gallo*, 18 Oregon, 435; 23 Pac. Rep. 264.

If the defendant after going on the stand in his own behalf refused to answer any question on cross-examination he could not be punished for it. The remedy in this case for the Government would be to strike out his evidence in chief.

Powers going on the stand before the commissioner and giving testimony did not waive the constitutional privilege as to such testimony at a later stage. *Cullen's Case*, 24 Gratt. (Va.) 624. For this evidence was clearly extorted by compulsion through fear of imprisonment.

The waiver of the privilege must always be made understandingly and willingly, and generally after being fully warned by the court. *Cullen* v. *Commonwealth*, 24 Gratt. 624; 1 Greenl. on Ev., § 451.

The confession by the defendant was made under such circumstances that it was not admissible evidence even had it been made out of court. *Bram* v. *United States, supra; United States* v. *Ball*, 81 Fed. Rep. 837.

The guaranty must have a broad and liberal construction in favor of the party and rights which it was intended to secure. *Counselman* v. *Hitchcock, supra; Boyd* v. *United States*, 116 U. S. 616; *Wilson* v. *United States*, 221 U. S. 361; § 860, Rev. Stat.

*Mr. Assistant Attorney General Denison,* with whom *Mr. Loring C. Christie* was on the brief, for the United States:

The omission of the commissioner to advise the de-

fendant of his privilege was not a breach of the privilege.

Furthermore, this defendant in fact resisted giving the answer and did so only under compulsion. There was nothing to show that he was not fully cognizant of his rights. *Wilson* v. *United States*, 162 U. S. 613, 623.

The warning as to the privilege is not essential. Wigmore on Evidence, § 2269.

Unless defendant's privilege was violated at the preliminary hearing, it was not violated at all, for Colly's quotation at the final trial, of what defendant had previously said, was no new breach of the privilege.

Defendant could not have been compelled to testify personally at his final trial, even though he voluntarily testified at the preliminary hearing.

The testimony below was that of Colly, not of the defendant. The defendant was not on the witness stand. No new pressure was exerted on him. If his former admissions were not improperly extorted by the commissioner, it was competent for Colly to testify as to them, just as to formal confessions. *Wilson* v. *United States*, 162 U. S. 613, 623; *Hardy* v. *United States*, 186 U. S. 224, 228; *Moore* v. *Commonwealth*, 29 Leigh (Va.), 701; *State* v. *Branham*, 13 S. Car. 389; *State* v. *Melton*, 120 N. Car. 591; *Jackson* v. *State*, 39 Oh. St. 37; *Ortiz* v. *State*, 30 Florida, 256; *State* v. *Burrell*, 27 Montana, 282; Wigmore, §§ 850, 852, 2276.

The admissions of the defendant were not improperly obtained at the preliminary hearing before the commissioner, because they fell within his waiver of privilege.

No objection on the score of relevancy was taken to this testimony either before the commissioner or on the trial; and, in the discretion of the court, it was plainly relevant, both as bearing on the defendant's explanation of his presence at the still particularly charged, *Wood* v. *United States*, 16 Pet. 342; *Buckley* v. *United States*, 4 How.

251, 259; Wigmore on Evidence, §§ 215, 242, 300, 371, and
as bearing on his credibility, *Tla-Koo-Yel-Lee* v. *United
States*, 167 U. S. 274; *Johnson* v. *Jones*, 1 Black, 209, 225;
*Langhorne* v. *Commonwealth*, 76 Virginia, 1016; Wigmore
on Evidence, § 988 (p. 1142), § 983 (p. 1114).

A defendant who takes the stand waives privilege as to
questions along both these lines. *Brown* v. *Walker*, 161
U. S. 597; *State* v. *Wentworth*, 65 Maine, 234, 243; *Guy*
v. *State*, 90 Maryland, 29; *Lawrence* v. *State*, 103 Maryland,
17; *State* v. *Ober*, 52 N. H. 459; *R. R. Co.* v. *D'Aoust*, 3
Ont. L. R. 653.

An accused taking the stand may be asked as to prior
convictions. *Norfolk* v. *Gaylord*, 28 Connecticut, 309.

Defendant was not privileged as to other acts of inter-
course. *State* v. *Klitzke*, 46 Minnesota, 343.

Bastardy; defendant denying the intercourse charged,
compelled to testify as to other intercourse. *People* v.
*Dupounce* (Mich.), 94 N. W. Rep. 388.

The waiver extends to "any question, material to the
case, which would in the case of any other witness be
legitimate cross-examination," even though it involves
some other crime; here applied to questions concerning the
rape intercourse which led to the charge of bastardy.
*Connors* v. *People*, 50 N. Y. 240.

Assault; questions as to former arrests, to affect cred-
ibility, allowed. *People* v. *Casey*, 72 N. Y. 393, 398.

Questions as to former assaults, to affect credibility,
allowed. *People* v. *Tice*, 131 N. Y. 651, 655.

Approving *Connors* v. *People;* defendant not privileged
as to questions affecting his credibility. *People* v. *Webster*,
139 N. Y. 73, 84; *People* v. *Tice* followed; *People* v. *Rozelle*,
78 California, 84.

Defendant may be cross-examined by the same rule as
other witnesses, except that the court has no discretion.
*People* v. *Meyer*, 75 California, 383.

Privilege waived as to cross-examination to character.

*People* v. *Gallagher*, 100 California, 466; *People* v. *Arnold*, 116 California, 682, 687; *Smith* v. *State*, 137 Alabama, 22.

He becomes "subject to cross-examination and impeachment as are other witnesses." In *People* v. *Dole* (Cal.), 51 Pac. Rep. 945; a question as to a former admission was allowed, and *State* v. *Gaylord*, 35 Connecticut, 203, 207, a murder case, cross-examination as to credit, was allowed.

The controversy whether the waiver of privilege by a defendant extends to all things relevant to the issue, as held in *Guy* v. *State*, 90 Maryland, 29; *Lawrence* v. *State*, 103 Maryland, 17; *Commonwealth* v. *Nichols*, 114 Massachusetts, 287; *Spies* v. *People*, 122 Illinois, 255; *State* v. *Griswold*, 67 Connecticut, 290; *Clark* v. *Jones*, 87 Alabama, 71; *State* v. *McGee*, 25 So. Car. 247; *People* v. *Conroy*, 153 N. Y. 174; *People* v. *Tice*, 131 N. Y. 651, 655; 8th Ency. Pl. & Pr. 147, 151; Wigmore, § 2276, or is limited to the scope of proper cross-examination, as was perhaps intimated (though not decided) in *Spies* v. *Illinois*, 123 U. S. 131, 180; *Fitzpatrick* v. *United States*, 178 U. S. 304, 314; *Sawyer* v. *United States*, 202 U. S. 150, 165, is deemed immaterial here because the field of the direct examination was the whole fact of guilt or innocence, and any cross-examination that was relevant was necessarily within that field. Indeed, this is generally the case where the witness claiming the privilege is the defendant. Wigmore, § 2276, p. 3155.

The error, if any, was harmless.

There is nothing to indicate that the defendant was in the least degree prejudiced by the alleged error, and the discretion of the trial court should not be disturbed. *Holt* v. *United States*, 218 U. S. 245; *Rea* v. *Missouri*, 17 Wall. 532; *Willis* v. *Russell*, 100 U. S. 621, 625.

The further grounds of error advanced in the brief were not assigned, nor have they any merit. Plaintiff in error claims here for the first time that neither the grand jury nor the petit jury were summoned or sworn.

The defect, if any, was waived. *Rodriguez* v. *United States*, 198 U. S. 156; *United States* v. *Gale*, 109 U. S. 65; *Agnew* v. *United States*, 165 U. S. 36; *McInerney* v. *United States*, 147 Fed. Rep. 183.

Mr. JUSTICE DAY delivered the opinion of the court.

Plaintiff in error (hereinafter called defendant) was convicted in the District Court of the United States for the Western District of Virginia under an indictment charging him with the violation of §§ 3258, 3279, 3281 and 3242 of the Revised Statutes of the United States. He was sentenced to a fine of $100 and to be imprisoned for a period of thirty days.

The indictment contained seven counts, charging the defendant substantially as follows: That he had in his possession a still and distilling apparatus for the production of spirituous liquors without having had such still and apparatus registered (first count); that he carried on the business of a distiller of spirituous liquors without having given bond (second count), and with the intent to defraud the United States of the tax on such liquors (third count), and also carried on the business of a retail liquor dealer without having paid the special tax therefor (seventh count); that he worked in a distillery for the production of spirituous liquors upon which no "Registered Distillery" sign was displayed (fourth count); and that he delivered raw material, namely, meal, to (sixth count), and conveyed distilled spirits from (fifth count), such distillery.

The case comes to this court, because of the alleged violation of a constitutional right, in compelling the defendant to be a witness against himself. This contention is developed in the bill of exceptions, which shows that at a preliminary hearing before a United States commissioner, after a witness for the Government had testified that he had seen the defendant beating apples at a "still

place" near the home of one Preston Powers, and about four miles from defendant's home, the defendant, without counsel and not having been instructed by the commissioner, voluntarily, in his own behalf, testified that he had beaten apples about thirty steps from the still place; that Preston Powers had hired him for seventy-five cents a day, and had set him to work beating apples, but that he had no interest in the apples, the product from them or the still, and no control of the still, and had merely been hired by the day at a fixed price; that thereupon M. P. Colly, deputy marshal, asked him if he had not worked at a distillery within two years of the warrant in this case, at another time and place, which question the defendant refused to answer until informed by the commissioner, and by the deputy marshal, that unless he did so he would be committed to jail, and he then testified that "he had worked at a distillery and made some brandy last fall near his house, and he paid Preston Powers to assist him"; that upon the trial of the case in the District Court that court, over the objection of the defendant, admitted the testimony of Colly, who repeated the proceedings before the commissioner, including the testimony of defendant, and that the court refused to strike out Colly's testimony or to instruct the jury to disregard it, upon the motion of defendant's counsel, to all of which, at the time, counsel for defendant duly excepted.

The contentions of the defendant are that the judgment should be reversed for the following reasons:

1st. There was no *venire facias* summoning the grand jury which found this purported indictment.

2nd. The said grand jury was not sworn and consequently could not find an indictment.

3rd. The indictment was defective and the demurrer should have been sustained to the fourth and sixth counts.

4th. The petit jury that tried this case was not sworn nor summoned.

5th. The testimony of Colly was illegal and incompetent testimony, and should have been rejected when offered, and if received striken out on counsel's motion.

As to the first, that there was no *venire facias* summoning the grand jury, there is nothing in the record to show that this objection, if tenable at all, was taken before plea or, indeed, at any time during the trial. Objections of this character are waived unless seasonably taken. *United States* v. *Gale*, 109 U. S. 65; *Agnew* v. *United States*, 165 U. S. 36; *Rodriguez* v. *United States*, 198 U. S. 156; *McInerney* v. *United States*, 147 Fed. Rep. 183.

The same observation applies to the second assignment of error, that the grand jury is not shown by the record to have been sworn. The indictment recites that the grand jury was selected, impaneled, sworn and charged, and that they on their oaths present, etc. At this stage of the proceedings this is enough to show the proper swearing of the grand jury. In *Crain* v. *United States*, 162 U. S. 625, cited by counsel for defendant, the record was destitute of any showing that the accused was arraigned or pleaded to the indictment. See *Pointer* v. *United States*, 151 U. S. 396, 418.

As to the assignment of error, that there were certain defective counts in the indictment, the conviction was a general one, and, even if the counts were defective, as alleged, one good count, sufficient to sustain the sentence, is all that is required to warrant the affirmation of a judgment in error proceedings. *Dunbar* v. *United States*, 156 U. S. 185.

As to the objection that the petit jury was not sworn: The record discloses that they were "called and empaneled," and, "being selected and tried in the manner prescribed by law, the truth of and upon the premises to speak, and having heard the evidence, the arguments of counsel, and charge of the judge, retired to consider their verdict, and upon their oaths do say," etc. We

think that this sufficiently discloses, upon proceedings
in error after conviction, that the petit jury was duly
sworn.

The chief objection contended for in argument con-
cerns the admission in the District Court of the testimony
of the defendant before the commissioner.   The admission
of this testimony is claimed to have worked a violation
of the defendant's constitutional rights under the Fifth
Amendment to the Constitution, which protects him
against self-incrimination.   It appears from the bill of
exceptions that the defendant voluntarily took the stand
and testified in his own behalf.   This he might do under
the Federal statute (March 16, 1878, 20 Stat. 30, c. 37),
making the defendant a competent witness, "at his own
request, but not otherwise."   We are of the opinion that
it was not essential to the admissibility of his testimony
that he should first have been warned that what he said
might be used against him.   In *Wilson* v. *United States,*
162 U. S. 613, Wilson was charged with murder.   Before
a United States commissioner, upon a preliminary hearing,
he made a statement which was admitted at the trial.
He had no counsel, was not warned or told of his right to
refuse to testify, but there was testimony tending to show
that the statement was voluntary.   At pages 623, 624, this
court said:

"And it is laid down that it is not essential to the ad-
missibility of a confession that it should appear that the
person was warned that what he said would be used
against him, but on the contrary, if the confession was
voluntary, it is sufficient though it appear that he was
not so warned.   Joy on Confessions, * 45, * 48, and cases
cited.

".  .  .  .  He [Wilson] did not testify that he did
not know that he had a right to refuse to answer the
questions, or that, if he had known it, he would not have
answered.  .  .  .  He did not have the aid of counsel;

and he was not warned that the statement might be used against him or advised that he need not answer. These were matters which went to the weight or credibility of what he said of an incriminating character, but as he was not confessing guilt but the contrary, we think that, under all the circumstances disclosed, they were not of themselves sufficient to require his answers to be excluded on the ground of being involuntary as matter of law."

In the present case, it does not appear that the witness claimed his privilege, or was ignorant of it, or that if he had known of it would not have answered—indeed, the record shows that his testimony was entirely voluntary and understandingly given. Such testimony cannot be excluded when subsequently offered at his trial.

As to the contention that the cross-examination before the commissioner shown in the bill of exceptions was improperly extorted from the witness under threat of commitment, an examination of the bill of exceptions, we think, requires an answer overruling this exception. There is some difference of opinion expressed in the authorities, but the rule recognized in this court is that a defendant, who voluntarily takes the stand in his own behalf, thereby waiving his privilege, may be subjected to a cross-examination concerning his statement. "Assuming the position of a witness, he is entitled to all its rights and protection, and is subject to all its criticisms and burdens" and may be fully cross-examined as to the testimony voluntarily given. *Reagan* v. *United States*, 157 U. S. 301, 305. The rule is thus stated in *Brown* v. *Walker*, 161 U. S. 591, 597:

"Thus, if the witness himself elects to waive his privilege, as he may doubtless do, since the privilege is for his protection and not for that of other parties, and discloses his criminal connections, he is not permitted to stop, but must go on and make a full disclosure. 1 Greenl. Ev., § 451; *Dixon* v. *Vale*, 1 C. & P. 278; *East* v. *Chapman*,

2 C. & P. 570; *S. C.,* M. & M. 46; *State* v.. *K——,* 4 N. H. 562; *Low* v. *Mitchell,* 18 Maine, 372; *Coburn* v. *Odell,* 10 Fost. (N. H.) 540; *Norfolk* v. *Gaylord,.* 28 Connecticut, 309; *Austin* v. *Poiner,* 1 Sim. 348; *Commonwealth* v. *Pratt,* 126 Massachusetts, 462; *Chamberlain* v. *Willson,* 12 Vermont, 491; *Lockett* v. *State,* 63 Alabama, 5; *People* v. *Freshour,* 55 California, 375.

"So, under modern statutes permitting accused persons to take the stand in their own behalf, they may be subjected to cross-examination upon their statements. *State* v. *Wentworth,* 65 Maine, 234; *State* v. *Witham,* 72 Maine, 531; *State* v. *Ober,* 52 N. H. 492; *Commonwealth* v. *Bonner,* 97 Massachusetts, 587; *Commonwealth* v. *Morgan,* 107 Massachusetts, 199; *Commonwealth* v. *Mullen,* 97 Massachusetts, 545; *Connors* v. *People,* 50 N. Y. 240; *People* v. *Casey,* 72 N. Y. 393."

But it is contended by the defendant that the bill of exceptions shows that the alleged cross-examination was entirely irrelevant and improper, and not a legitimate cross-examination of the defendant's testimony in his own behalf. It appears that Powers testified, being charged with illegal conduct concerning the distillation of spirits, as already stated, that he was at a place about thirty steps from the still, beating apples, as testified by the Government's witness; that Preston Powers had hired him to work for him at the price of seventy-five cents a day, and that he put him to beating apples; that the witness had no interest in the apples or the product thereof and no interest in the still, but was merely hired to work by the day at the price of 75 cents. Having taken the stand in his own behalf, and given the testimony above recited, tending to show that he was not guilty of the offense charged, he was required to submit to cross-examination, as any other witness in the case would be, concerning matter pertinent to the examination in chief. The cross-examination, in the answer elicited, tended to

show that defendant had worked at a distillery the fall before with Preston Powers, the man he alleged he was working for at beating apples on the occasion when the Government witness saw him near the still, and had made brandy near his house, and had paid Preston Powers to assist him. This, we think, might be regarded as having some relevancy to the defendant's claim as to the innocent character of his occupation at the time charged. It had a tendency to show that defendant knew the character of the occupation in which he was then engaged, having worked before with Preston Powers at a distillery and made brandy with him, and did not exceed the limits of a proper cross-examination of the witness. As to the suggestion that § 860 of the Revised Statutes prevented the introduction of the testimony given by defendant before the commissioner, that section, providing that no pleading nor any discovery or evidence obtained from a party by means of a judicial proceeding, shall be used in evidence against him in a criminal proceeding, can have no bearing, where, as in the present case, the accused voluntarily testified in his own behalf in the course of the same proceeding, thereby himself opening the door to legitimate cross-examination. See *Tucker* v. *United States*, 151 U. S. 164, 168.

*Judgment affirmed.*