**660**

UNITED STATES of America,

v.

Richard T. CARDALL and Stanley
Younger, Defendants.

United States District Court
S. D. New York.

Dec. 30, 1960.

S. Hazard Gillespie, Jr., U. S. Atty.,
by Jerome J. Londin, Asst. U. S. Atty.,
New York City, for United States.

Edward M. Garlock, New York City,
for defendant Richard T. Cardall.

WEINFELD, District Judge.

While the record does not support the defendant's claim that he was a principal target of the grand jury investigation, it does establish that his testimony before the grand jury was given freely and voluntarily. The defendant is an attorney of experience, and certainly was aware of his privilege against self-incrimination and his other constitutional rights. Moreover, the minutes of the grand jury indicate that at his first appearance, when it developed that his testimony might subject him to a perjury charge, he was specifically asked whether he was aware of his constitutional rights; naturally, he answered in the affirmative. Any other response would have done violence to common sense.

 While it is true that the basic rights of an attorney are no less than those of other citizens, the essential question is whether, under the circumstances, his testimony was freely and understandingly given.[1] The record compels the conclusion that it was. This conclusion finds strong support in defendant's actions after his initial appearance before the grand jury. His subsequent testimony before that body was given pursuant to his own written request presented on his behalf by his attorney. His purpose was to correct, supplement and explain his prior testimony in an effort to ward off a perjury charge. The fact that he did not succeed does not de-

1. Cf. United States v. Cleary, 2 Cir., 265 F.2d 459, 462, certiorari denied 1959, 360 U.S. 936, 79 S.Ct. 1458, 3 L.Ed.2d 1548; United States v. Klein, 2 Cir., 1957, 247 F.2d 908, 921, certiorari denied 1958, 355 U.S. 924, 78 S.Ct. 365, 2 L.Ed.2d 354; United States v. Block, 2 Cir., 88 F.2d 618, 621, certiorari denied 1937, 301 U.S. 690, 57 S.Ct. 793, 81 L.Ed. 1347.

tract from the voluntariness of his testimony. And certainly there is no basis for the defendant's contention with respect to the perjury counts based upon his initial appearance before the grand jury.[2]

Under all the circumstances here presented, the motion to dismiss the indictment on the ground that the defendant was compelled to testify in violation of his constitutional privilege against self-incrimination is denied.[3]

■ The defendant alternatively moves for a separate trial on the various perjury counts in which he is the sole defendant, from those counts wherein he is a codefendant with one Younger. The latter counts charge three substantive SEC violations and a conspiracy to commit them.

The posture of the case is different from what it was when the present motion was made. The codefendant Younger has pleaded guilty to all counts wherein he is named, so that the moving defendant will be the only one to stand trial on all counts. This circumstance at once distinguishes the case from those where codefendants charge prejudice in the event they are tried together with defendants on perjury counts in which they are not joined. Here the defendant is in no position to make such a claim. Upon the trial, the Government, in support of the SEC counts, would be entitled to present evidence of alleged false exculpatory statements as showing consciousness of guilt, and such evidence could embrace matters upon which the perjury counts are based. Had Younger not pleaded guilty, the evidence would still have been admissible against this moving defendant with an appropriate instruction protecting the interests of the codefendant.[4]

The motion for a severance and separate trial of perjury counts from the others is denied.

The foregoing constitutes an order.

**2.** United States v. Parker, 7 Cir., 244 F.
2d 943, certiorari denied 1957, 355 U.S.
836, 78 S.Ct. 61, 2 L.Ed.2d 48; United
States v. Haas, D.C.S.D.N.Y.1954, 126
F.Supp. 817.

**3.** See United States v. Scully, 2 Cir., 225
F.2d 113, certiorari denied 1955, 350 U.S.

897, 76 S.Ct. 156, 100 L.Ed. 788. Cf.
Powers v. United States, 1912, 223 U.S.
303, 32 S.Ct. 281, 56 L.Ed. 448; Wilson
v. United States, 1896, 162 U.S. 613, 16
S.Ct. 895, 40 L.Ed. 1090.

**4.** Cf. United States v. Kelley, 2 Cir., 1939,
105 F.2d 912, 916–917.