Kevin Dewayne Thompson v. State 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-256-CR

KEVIN DEWAYNE THOMPSON APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 3 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I. Introduction

Appellant, Kevin Dewayne Thompson, appeals his sentence for felony driving while intoxicated (DWI).  In his sole issue on appeal, Thompson complains that he was deprived of his Fifth Amendment right not to testify at the punishment phase of his trial.  We will affirm. 

II. Background Facts and Procedural History

Thompson was indicted for driving while intoxicated, made a felony by two prior DWI convictions.  He pleaded guilty with no plea agreement, and the trial court found him guilty but deferred its assessment of punishment pending the outcome of a presentence investigation.  Thompson then fled to Wyoming where he remained for approximately two years.  While in Wyoming, he found employment, stayed out of trouble, and received counseling for his mental health problems.  Thompson was arrested twice in Wyoming on the extradition warrant arising out of the present case, but on both occasions he was released by Wyoming authorities within a few days of his arrest.  After the second arrest, however, Thompson returned to Texas where he voluntarily turned himself in to Texas authorities.

At the punishment hearing, the trial court questioned Thompson to ensure that he understood the nature of the hearing and obtained a waiver from Thompson of a presentence investigation.  The trial court did not, however, admonish Thompson regarding his Fifth Amendment right to not to testify.  Shortly thereafter, the following exchange took place:  

THE COURT:  Okay. Does the State have any further evidence to offer at this time?

[PROSECUTOR]:  Judge, as we discussed at the bench, both sides have agreed to save the Court some time to stipulate to the admissibility of a packet of letters that the defense has handed to the Court, and the State has no objection, . . . 
contingent on him testifying at this hearing
.

[DEFENSE COUNSEL]:  That is correct, so at this time we offer Defendant’s Exhibit 1, which is 17 or so different character letters. 

THE COURT:  And the Court has reviewed those the [sic] letters prior to the hearing.  [Emphasis added.]

Thompson’s attorney then called him to testify, and he did so without objection.  At the conclusion of the hearing, the trial court sentenced Thompson to seven years’ imprisonment.

III. Thompson’s Fifth Amendment Right Not to Testify

In his sole issue on appeal, Thompson asserts that he was denied his right not to testify at the punishment phase of his trial.  Specifically, he asserts that the State coerced him to testify by conditioning its agreement not to object to the admission of certain evidence upon his testifying at the hearing.  Further, he asserts that the trial court contributed to the State’s coercion by (1) stating that it had already reviewed the proffered letters, and (2) failing to admonish him of his Fifth Amendment right not to testify against himself.  Finally, Thompson asserts that the record does not show that he voluntarily waived his Fifth Amendment right not to testify.

The Fifth Amendment prevents a person from being compelled in a criminal case to testify against himself.  
U.S. Const
. amend. V.  This right exists during both the guilt-innocence and punishment phases of the trial. 
Carroll v. State
, 42 S.W.3d 129, 131-33 (Tex. Crim. App. 2001).  However, when intelligent, knowing, and voluntary, a defendant may waive this right. 
Brown v. State
, 617 S.W.2d 234, 236 (Tex. Crim. App. 1981).  It is well-settled that when a defendant voluntarily takes the stand, he waives his privilege against self-incrimination at that hearing.  
See Hernandez v. State
, 506 S.W.2d 884, 886 (Tex. Crim. App. 1974).

Thus, the issue before us is whether the record, viewed in its entirety,
(footnote: 2) reflects that Appellant’s punishment-hearing testimony was given knowingly, voluntarily, and intelligently.  
See Brown
, 617 S.W.2d at 236.  We conclude that it does.  The record reflects that after fleeing Texas for approximately two years, Thompson voluntarily turned himself in to authorities.  The record also reflects that Thompson was aware that the trial court could sentence him to the maximum of ten years’ imprisonment.  The record further reflects that during the two years Thompson had been a fugitive, he found employment, stayed out of trouble, and received counseling.  Under these circumstances, it seems quite likely that Thompson might want to tell his story in hopes of obtaining a lesser sentence. 

In addition, we find nothing in the record to indicate that Thompson was coerced by the State to testify.  The record simply reflects that the parties reached an agreement by which the State agreed not to object to the admissibility of certain evidence favorable to Thompson so long as he was going to testify.

Likewise, we find nothing in the record to indicate that the trial court coerced Thompson.  The trial judge’s statement the she had previously  reviewed the letters merely reflects that the agreement between the parties was no surprise, that is, the agreement had previously been discussed with the court.  Finally, when a defendant, represented by counsel, takes the stand to testify in his own defense, we presume the act to be taken voluntarily and with full knowledge of his rights. 
 Mullane v. State
, 475 S.W.2d 924, 926 (Tex. Crim. App. 1971).  Here, the record reflects that Thompson’s own attorney called him to testify and that Thompson did so without objection or protest.

Thus, after reviewing the record, we conclude that Thompson testified voluntarily and with full knowledge of his rights.  
See id
.  Therefore, the trial court did not err by not admonishing Thompson of his Fifth Amendment right not to testify.  
See Hernandez, 
506 S.W.2d at 886; 
Mojeda v. State
, No. 2-02-235-CR, 2003 WL 21357566, *2 (Tex. App.—Fort Worth Jan. 12, 2003, no pet.) (not designated for publication).
  See also Powers v. United States
, 223 U.S. 303, 313-14, 32 S. Ct. 281, 283-84 (1912) (concluding that the Fifth Amendment was not violated when Powers voluntarily opted to testify at a preliminary hearing even though he was not admonished about his right against self-incrimination).
(footnote: 3)  Accordingly, we overrule Appellants sole point.

IV. Conclusion

Having overruled Appellants sole point on appeal we affirm the trial court’s judgment. 

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 17, 2005

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
See United States v. Washington
, 431 U.S. 181, 188, 97 S. Ct. 1814, 1819 (1977) (indicating the test is whether, considering the totality of the circumstances, the free will of the witness was overborne). 
 

3:
But see Lucero v. State
, 91 S.W.3d 814, 816 (Tex. App.—Amarillo 2002, no pet.) (holding trial court erred in failing to admonish appellant who voluntarily testified at punishment phase, but error was harmless).  Interestingly, 
Lucero
 was decided by a three-judge panel on appeal, yet the “concurring” opinion of two of the three justices disagreed with the “majority” opinion of the third justice.  Citing 
Hernandez
, the two “concurring” justices opined that no error occurred because appellant voluntarily testified at the punishment phase and was therefore not entitled to an admonishment. 
Id
. at 819 (Quinn, J., concurring); 
see Hernandez
, 506 S.W.2d at 886.