1,WRIT GRANTED.
The State charged defendant with shooting and mortally wounding Patrick Parker and Tiche Carter. After being shot, Carter ran to the apartment of William Thomas and purportedly told him just before dying that Dennis shot him. Subsequently, Thomas related Carter’s statement to the police investigator who included the statement in the police report. Five days prior to defendant’s trial, Thomas died. After a mistrial was declared in the first trial of defendant, a motion was filed by him seeking to have Thomas declared unavailable and requesting that Thomas’s statement to the police be admissible as a dying declaration under La. Code Evid. art. 804(B)(2).[1] The trial court granted defendant’s motion The court of appeal, Fourth Circuit, denied the State’s writ application. State v. Griffin, 01-0850 (La.App. 4 Cir. 3/1/01). The State sought expedited attention in this Court, contending that Carter’s statement to Thomas as recorded in the police report constituted inadmissible double hearsay. State v. Griffin, 01-KK-0579 (La.3/2/01).
The State contends that the lower courts have improperly sanctioned the use of 1 ^double hearsay,[2] i.e., Carter’s purported statement to Thomas as recorded in Thomas’s statement to the police investigators. It contends that there is no indicia of reliability and the jury will not be able to *1242 judge his credibility as would normally occur after the State would have an opportunity for cross-examination of this witness. We agree.
In Buckbee v. United Gas Pipe Line Co., Inc., 561 So.2d 76 (La.1990), we reasoned:
In its broadest sweep, the hearsay rule excludes all testimony regarding statements made out-of-court by declar-ants who at the time of making the statements were not under oath, not in the presence of the trier of fact, and thus not subject to cross-examination. By excluding testimony which fails these three requirements, the hearsay rule increases the reliability of in-court testimony, and seeks to admit only that testimony which the fact-finder can evaluate for the witness’s perception, memory, narration, and sincerity. 4 J. Weinstein & M. Berger, Weinstein’s Evidence 800-1 to 800-5 (1988).
Buckbee, 561 So.2d at 80.
Although Carter’s statement to Thomas may have been a dying declaration, Thomas’s testimony is unavailable for evaluation by the fact-finder as to his perception, memory, narration, and sincerity. Thus, the reliability needed to justify an exception to the hearsay rule is fatally lacking. There is no indicia of reliability.
Accordingly, the judgments of the lower courts are reversed and set aside. It is hereby ordered, adjudged, and decreed that defendant’s motion requesting that Thomas’s statement to the police be admissible as a dying declaration is denied. Our stay order issued on March 5, 2001, in this matter is recalled and this matter is remanded to the trial court for further proceedings.
JOHNSON, J., would deny the writ.

. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness: ... (2) A statement made by a de-clarant while believing that his death was imminent, concerning the cause or circumstances of what he believed to be his impending death.” La. Code Evid. art. 804(B)(2).

. "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided by legislation.” La. Code Evid. art. 805.