906 So.2d 391 (2005)
STATE of Louisiana
v.
John SMITH.
No. 2004-KK-3140.
Supreme Court of Louisiana.
June 24, 2005.
PER CURIAM.
Granted. The ruling of the trial court granting defendant's motion to suppress is reversed.
We read Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), no more broadly than the context in which it was decided. Statements made in response to police interrogation which involve the "production of testimony with an eye to trial," id., 541 U.S. at 56, n. 7, 124 S.Ct. at 1367, n. 7, are admissible at trial when the witness does not testify only upon a showing that the witness is unavailable and only when the defendant has had a prior opportunity to cross-examine the declarant. Although Crawford left "for another day any effort to spell out a comprehensive definition of `testimonial,'" id., 541 U.S. at 68, 124 S.Ct. at 1374, the decision noted that various formulations of *392 that term share a "common nucleus" and common concern for statements made under circumstances "which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." Crawford, 541 U.S. at 52, 124 S.Ct. at 1364 (internal quotation marks omitted). Because "the principal evil at which the Confrontation Clause was directed was the civil-law mode of criminal procedure, and particularly its use of ex parte examinations as evidence against the accused," id., 541 U.S. at 50, 124 S.Ct. at 1363, Crawford applies "at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; and to police interrogations." Crawford, 541 U.S. at 68, 124 S.Ct. at 1374.
In the present case, although the declarant signed a consent form authorizing the warrantless search of a motel room she shared with the defendant during police questioning at the station house, that statement, a direct assertion of her state of mind and therefore hearsay, State v. Martin, 458 So.2d 454, 460 (La.1984), did not constitute testimonial hearsay for purposes of Crawford because no objective person could have reasonably believed that the statement itself, as opposed to any real evidence that might result from an ensuing search, would be used later at trial against the defendant as testimonial evidence bearing on the question of guilt or innocence. The consent form had relevance only to the constitutionality of the warrantless search which followed, and "[w]here nontestimonial hearsay is at issue," Crawford affords the States "flexibility in their development of hearsay law." Crawford, 541 U.S. at 68, 124 S.Ct. at 1374.
The trial court therefore erred in reconsidering its original ruling on the motion to suppress and in concluding that Crawford required production of the declarant for cross-examination at the hearing on the motion to suppress as a prerequisite for finding that the declarant's consent validated the subsequent warrantless search. See La.C.E. art. 803(3)(providing an exception to the hearsay rule for statements of the declarant's then existing state of mind). Accordingly, the trial court's original ruling denying the motion to suppress on the basis of the consent given for the search is reinstated and this case is remanded for further proceedings.
JOHNSON, J., would deny writ.