MOORE, J.
 

 |,Howell Ealy was convicted of aggravated battery, adjudicated a fourth felony offender and sentenced to 40 years at hard labor without benefits and with a fine. He now appeals, contesting his conviction and sentence. For the reasons expressed, we affirm the conviction and multiple offender adjudication. On error patent review, we amend the sentence to delete the fine, but otherwise affirm the sentence.
 

 Factual and Procedural Background
 

 The ease arises from an incident on Alabama Street in Shreveport on February 17, 2007. The victim, Marilin Andrews, rented the house from her friend Barro-nette Chism’s mother. The defendant, Ealy, was Ms. Chism’s fiancé. At trial in January 2008, the following evidence was adduced.
 

 Ms. Andrews testified that on the evening of February 17, she was at the house on Alabama Street; Ms. Chism had dropped off her granddaughter and left. Shortly afterward, Ealy came in through the open door and demanded to know where Ms. Chism was. Ms. Andrews replied she was not there, but Ealy did not believe her and went all over the house looking for Ms. Chism. At some point he picked up some object (Ms. Andrews described it only as “a thing down off the thing” and “like a wood thing”) and struck her several times with it, exclaiming he would “show me how a man whoop a woman.” Around this time, Ms. Chism returned and Ealy “went after her,” but only with his fists, not the wooden object, until Ms. Chism took the baby and left in her pickup truck. Ms. Andrews added that neither she nor Ms. Chism went to the hospital for their injuries, but she thought the police took pictures.
 

 ^Officer Michael Presley testified that the officer who initially responded to the complaint, Patterson, was on medical leave and could not testify. However, Officer Presley testified that he made contact with Ms. Chism and her mother at their house on Dilg League Drive, and they reported that Ealy had beaten Ms. Chism with a metal pipe in the face and head earlier; Ms. Chism had dried blood on her face, had been struck and was very upset. He was certain that Ms. Chism described being hit with a metal object, like a broom handle. He did not know if Ms. Chism required medical treatment, and he never spoke to Ms. Andrews. Ms. Chism’s mother phoned later to say that Ealy was asleep at the house on Dilg League Drive; Officer Presley and others roused from bed and arrested him.
 

 For reasons never disclosed, Ms. Chism did not testify. The state offered no photographs, no weapon (wood or metal), and no medical reports showing the extent of either woman’s injuries.
 

 Ealy admitted that he had three prior felony convictions. He testified that he had known Ms. Chism for years, they were engaged, and her mother gave them the house on Dilg League Drive as a wedding gift. He admitted coming to Ms. Andrews’s house on Alabama Street that night. Early in his testimony, he stated that Ms. Chism was not there, but he saw Ms. Andrews doing cocaine in front of the nine-month-old baby and threatened to call
 
 *1056
 
 the police; Ms. Chism arrived and denied doing drugs that night. Later, he testified that when he got to the house on Alabama Street, Ms. Chism was there doing crack, which she was trying to shove under the couch to conceal from him. He resolutely maintained, however, that he 13never picked up any object, wooden coat rack, aluminum pipe or broom handle, or struck either woman; when he left the house, both women were completely unharmed. Finally, he admitted being sound asleep at the house on Dilg League when the police came to arrest him. On cross-examination, he stated that both Ms. Andrews and Officer Presley were lying about the incident, although he could not imagine why. He also could not understand why police failed to find all the crack Ms. Chism was shoving under the couch.
 

 The state charged Ealy with two counts of aggravated battery, for hitting Ms. Chism and Ms. Andrews with a metal pipe. After hearing the evidence summarized above, a six-member jury found him guilty as charged on both counts. Ealy filed a motion for post verdict judgment of acquittal, which the district court initially denied. The state then charged Ealy as a fourth felony offender; after a hearing in April 2008, the district court adjudicated him an habitual offender as charged.
 

 At sentencing in May 2008, the court stated that although Ms. Chism had not testified at trial, she had freely spoken to the probation officer who prepared the PSI. The court also stated Ms. Andrews testified that Ealy struck Ms. Chism only with his fists, not with a dangerous weapon; it therefore partially granted the motion for post verdict judgment of acquittal as to count one, reducing that conviction to simple battery. The court sentenced him to 40 years at hard labor without benefits, and a fine of $500, as a fourth felony offender for the aggravated battery of Ms. Andrews, and to a concurrent six months for the simple battery of Ms. Chism. Ealy filed a Emotion for reconsideration, which the court denied. This appeal followed, one assignment of error raised by the Louisiana Appellate Project and two assignments, to which the state has not responded, raised by Ealy pro se.
 

 Discussion: Sufficiency of the Evidence
 

 By his first pro se assignment of error, Ealy urges the evidence was insufficient to support the conviction. He quotes from the initial police report, written by Officer Patterson, and argues that this differs from the testimony given at trial, in that the report referred only to Ms. Chism as a victim and does not mention that Ms. Andrews was injured. He contends that the only reasonable conclusion is that Ms. Andrews was simply a witness to whatever occurred between him and Ms. Chism.
 

 The standard of appellate review is “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
 
 State v. Tate,
 
 2001-1658 (La.5/20/03), 851 So.2d 921,
 
 cert. denied,
 
 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 2005-0477 (La.2/22/06), 922 So.2d 517. The trier of fact is charged to make a credibility evaluation and may, within the bounds of rationality, accept or reject the testimony of any witness; the reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due ^process of law.
 
 State v. Sosa,
 
 2005-0213 (La.1/19/06), 921 So.2d 94. In the absence
 
 *1057
 
 of internal contradiction or irreconcilable conflict with the physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support a factual conclusion.
 
 State v. Higgins,
 
 2003-1980 (La.4/1/05), 898 So.2d 1219.
 

 Investigative police reports are inadmissible hearsay. La. C.E. art. 803(8)(b)(i);
 
 State v. Griffin,
 
 2001-0579 (La.3/7/01), 783 So.2d 1241;
 
 State v. Dupree,
 
 41,658 (La.App. 2 Cir. 1/31/07), 950 So.2d 140,
 
 writ denied,
 
 2007-0439 (La.10/12/07), 965 So.2d 396.
 

 Aggravated battery is defined as “a battery committed with a dangerous weapon.” La. R.S. 14:34. In order to convict the defendant of aggravated battery, the state must prove (1) that the defendant intentionally used force or violence upon the victim, (2) the force or violence was inflicted with a dangerous weapon, and (3) the dangerous weapon was an instrumentality used in a manner likely or calculated to cause death or great bodily harm.
 
 State v. Moore,
 
 38,355 (La.App. 2 Cir. 6/23/04), 877 So.2d 177,
 
 writ denied,
 
 2004-2084 (La.1/7/05), 891 So.2d 670.
 

 Ms. Andrews testified that Ealy came to her house looking for Ms. Chism, got angry when he could not find her, picked up a wooden object and struck Ms. Andrews in the head and face. Ealy admitted coming to the house looking for Ms. Chism and threatening to call the police on Ms. Andrews, but maintained that he left without harming anyone. The jury plainly chose to accept Ms. Andrews’s account over the defendant’s, and we have no reason to disturb that credibility call.
 

 |fiNotably, the police report on which Ealy relies was filed in discovery responses but not admitted into evidence at trial; discovery is not evidence.
 
 State v. Arnold,
 
 30,282 (La.App. 2 Cir. 1/21/98), 706 So.2d 578. Without a showing of some exception, the police report is inadmissible hearsay. La. C.E. art. 803(8)(b)(i);
 
 State v. Griffin, supra; State v. Dupree, supra. A
 
 report never admitted to evidence and probably inadmissible does not impeach Ms. Andrews.
 

 Admittedly, the state’s case was not without problems, as neither Ealy’s intended victim, Ms. Chism, nor the lead investigator, Patterson, testified. Also, the state offered no physical evidence to corroborate Ms. Andrews, such as photos of the injuries, medical records or the object that Ealy wielded as a dangerous weapon. Further, Officer Presley’s testimony differed from Ms. Andrews’s on some salient points, such as whether Ealy struck Ms. Chism with his fists or a pipe of some kind, and whether the pipe he used on Ms. Andrews was metal or wood. However, viewed in the light most favorable to the state, these minor anomalies are not sufficient to undermine Ms. Andrews’s clear testimony that Ealy struck her with a wooden object. This assignment lacks merit.
 

 Denial of Confrontation
 

 By his second pro se assignment of error, Ealy urges the court denied his constitutionally protected right of confrontation. He contends the state used the out-of-court statements of Ms. Chism and Officer Patterson as evidence to convict, contrary to
 
 Crawford v. Washington,
 
 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). He also suggests, without elaboration, that trial counsel |7was ineffective for failing to object to this evidence.
 

 Crawford v. Washington, supra,
 
 holds that the confrontation clause of the Sixth Amendment acts as an absolute bar on the admission of all out-of-court testimonial evidence unless (1) the witness who made the statement is unavailable to testify in court, and (2) the defendant had a
 
 *1058
 
 prior opportunity to cross-examine the witness.
 
 Id.
 
 at 68, 124 S.Ct. at 1374;
 
 State v. Smith,
 
 2004-3140 (La.6/24/05), 906 So.2d 391; John Robert Knoebber, “Say That to My Face: Applying an Objective Approach to Determine the Meaning of Testimony in Light of
 
 Crawford v. Washington,”
 
 51 Loy. L.Rev. 497, 514-514 (2005). Confrontation rights claims are subject to harmless error analysis.
 
 Delaware v. Van Arsdall,
 
 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986);
 
 State v. Robinson,
 
 2001-0273 (La.5/17/02), 817 So.2d 1131. Mistaken application of the rule of
 
 Crawford v. Washington, supra,
 
 is also subject to harmless error analysis.
 
 State v. Buckenberger,
 
 2007-1422 (La.App. 1 Cir. 2/8/08), 984 So.2d 751,
 
 writ denied,
 
 2008-0877 (La.11/21/08), 996 So.2d 1104.
 

 Although Ealy alleges six violations, we find only two instances when the statements of persons who did not testify were mentioned at trial. On cross-examination of Officer Presley, defense counsel asked what Ms. Chism said in response to a question about the nature of her injuries. The
 
 state
 
 objected on grounds of hearsay, but the court overruled it; the witness said he did not recall. There was nothing “testimonial” about this response.
 

 On direct examination, Officer Presley testified that earlier in the day, Officer Patterson had been dispatched to the house on Dilg League Street, Rwhere he interviewed Ms. Chism and her mother; they told him that Ealy had struck Ms. Chism in the head with a metal pipe. We note at the outset that Ealy did not object to this statement; the issue is not properly presented for appeal. La. C.E. art. 103 A(1); La. C. Cr. P. art. 841.
 

 Nevertheless, the contested statement was arguably testimonial as it was made in a police interview, and Ms. Chism and Officer Patterson might have expected it to be used in a trial setting.
 
 Crawford v. Washington,
 
 at 51-53, 124 S.Ct. at 1364-1365. Contrary to the out-of-court statement, however, Ms. Andrews testified that Ealy struck Ms. Chism only with his hands; as a result, the district court granted Ealy’s motion for post verdict judgment of acquittal, reducing the verdict to simple battery. If the jury relied on Ms. Chism’s out-of-court testimonial statement to Officer Patterson to convict Ealy of aggravated battery, the harm was completely neutralized by the post verdict judgment that disregarded that statement and relied solely on Ms. Andrews’s in-court testimony. On this record, the admission of the challenged testimony was harmless beyond a doubt.
 
 State v. Robinson, supra; State v. Delaney,
 
 42,990 (La.App. 2 Cir. 2/13/08), 975 So.2d 789.
 

 Ealy has also alleged, without elaboration, that his trial counsel was ineffective. The claim of ineffective assistance is usually addressed not on direct appeal but in post conviction proceedings, where a record can be developed.
 
 State v. Leger,
 
 2005-0011 (La.7/10/06), 936 So.2d 108;
 
 State v. Langston,
 
 43,923 (La.App. 2 Cir. 2/25/09), 3 So.3d 707. For the reasons just discussed, the record does not support a finding that counsel’s failure to |9object to the testimony which he now challenges both fell below the objective standard of reasonableness under prevailing professional norms and resulted in actual prejudice to the defendant.
 
 Strickland v. Washington,
 
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
 
 State v. Matthis,
 
 2007-0691 (La.11/2/07), 970 So.2d 505. This assignment of error lacks merit.
 

 Excessive Sentence
 

 Through counsel, Ealy urges that the 40-year sentence was excessive and imposed without compliance with La. C. Cr. P. art. 894.1. He concedes that the court
 
 *1059
 
 considered his criminal history, but asserts that it should have also considered his employment history, family ties and health. He asks this court to vacate the sentence and remand for a lesser sentence that complies with art. 894.1.
 

 The state responds that the district court carefully stated reasons for sentence, showing a particular sensitivity to the factual basis by reducing one verdict to simple battery. The state seeks affirmance.
 

 Appellate review of sentences for excessiveness is a two-pronged inquiry. First, the record must show that the sentencing court complied with La. C. Cr. P. art. 894.1. The court need not list every aggravating or mitigating factor so long as the record reflects that it adequately considered the guidelines.
 
 State v. Smith,
 
 433 So.2d 688 (La.1983);
 
 State v. Woods,
 
 41,-420 (La.App. 2 Cir. 11/1/06), 942 So.2d 658,
 
 units denied,
 
 2006-2768, 2781 (La.6/22/07), 959 So.2d 494. When the record shows an adequate factual basis for the sentence imposed, remand is unnecessary even in the absence of full compliance with the article.
 
 State v. Lanclos,
 
 419 So.2d 475 | in(La.1982). The court is not required to assign any particular weight to any specific matters at sentencing.
 
 State v. Quiambao,
 
 36,587 (La.App. 2 Cir. 12/11/02), 833 So.2d 1103,
 
 writ denied,
 
 2003-0477 (La.5/16/03), 843 So.2d 1130.
 

 The second prong is constitutional excessiveness. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless imposition of pain and suffering.
 
 State v. Dorthey,
 
 623 So.2d 1276 (La.1993). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice or makes no reasonable contribution to acceptable penal goals.
 
 State v. Guzman,
 
 99-1528 (La.5/16/00), 769 So.2d 1158. The district court has wide discretion in imposing a sentence within the statutory limits, and such a sentence should not be set aside as excessive in the absence of manifest abuse of that discretion.
 
 State v. Williams,
 
 2003-3514 (La.12/13/04), 893 So.2d 7.
 

 As a fourth felony offender convicted of aggravated battery, Ealy faced 20 years to life at hard labor without benefit of probation, parole or suspension of sentence. La. R.S. 14:34; R.S. 15:529.1 A(1)(c)(i),
 
 and
 
 G; La. R.S. 15:574.4 A.
 

 The district court presided over a jury trial, adjudication hearing and sentence hearing, demonstrating throughout a firm grasp of the facts of the case. The court specifically cited the harm suffered by Ms. Andrews; the fact that the offense occurred in front of a baby; and Ealy’s long criminal | nhistory, including violent crimes against women. We find substantial compliance with art. 894.1. Moreover, in light of this offense and offender, we find nothing grossly disproportionate about Ealy’s 40-year hard labor sentence. This assignment of error lacks merit.
 

 On error patent review, however, we notice that in addition to the 40 years at hard labor without benefits, the court imposed a fine of $500. Although the statute of conviction, La. R.S. 14:34, authorizes a fine of up to $5,000, the statute of enhancement, La. R.S. 15:529.1 A, does not authorize the imposition of a fine.
 
 State v. Dickerson,
 
 584 So.2d 1140 (La.1991);
 
 State v. Dotie,
 
 43,819 (La.App. 2 Cir. 1/14/09), 1 So.3d 833. We therefore amend the sentence to delete the fine, but otherwise affirm. We find nothing else we consider to be error patent. La. C. Cr. P. art. 920(2).
 

 
 *1060
 

 Conclusion
 

 For the reasons expressed, Howell Ealy’s conviction and adjudication as a fourth felony offender are affirmed. His sentence is amended to delete the fíne but is otherwise affirmed.
 

 CONVICTION AND ADJUDICATION AFFIRMED; SENTENCE AMENDED TO DELETE FINE.